**NOT FOR PUBLICATION**                    **CASE CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHENG WU, XIAOPING ZHANG, MIAO
MIAO WU,

                          Plaintiffs,          Civil Action No. 07-2709 (SDW)

                    v.

JOHN THOMPSON, New Jersey Director          **OPINION**
of the United States Citizenship and
Immigration Services; ROBERT S.
MUELLER, Director, Federal Bureau of          November 7, 2007
Investigation; EVELYN UPCHURCH,
Director, Texas Service Center of the
United States Citizenship and
Immigration Services,

                          Defendants.

**WIGENTON**, District Judge.

Before this Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of

Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court,

having considered the parties' submissions and having decided the motion without oral argument

pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, **GRANTS**

the motion.

I.      **BACKGROUND and FACTS**

Cheng Wu, his wife Xiaoping Zhang, and their son Miao Miao Wu (collectively

"Plaintiffs") are natives and citizens of China. (Am. Compl. ¶ 9.) Plaintiffs entered the United

States between 1997 and 1998 on L-1, L-1A, and L-2 visas. (Am. Compl. ¶¶ 13-17.) On

November 24, 2003, the United States Citizenship and Immigration Services ("USCIS")

approved an I-140 Petition for Alien Worker for Mr. Wu. (Am. Compl. ¶ 27.)  In accordance

therewith, on September 3, 2004, Plaintiffs filed I-485 applications for adjustment of alien status

with USCIS. (Am. Compl. ¶ 28.)  Plaintiffs have made numerous inquiries as to the status of

their applications. (Am. Compl. ¶¶ 51-61.)  USCIS has indicated that Plaintiffs' routine security

checks are still pending.[1]  *Id.*

     Plaintiffs filed an amended complaint on August 10, 2007, alleging that Defendants have

unreasonably delayed adjudicating their adjustment of alien status applications.  Plaintiffs seek,

*inter alia*, an order compelling Defendants to adjudicate their applications, and an award of

attorney's fees and costs.  On September 11, 2007, Defendants filed a Motion to Dismiss

Plaintiff's Complaint for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1).  Plaintiffs filed opposition to Defendants' motion on October 25, 2007.

## II.    **LEGAL STANDARD**

     Subject matter jurisdiction is the court's "very power to hear the case." *Mortensen v.*

*First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A plaintiff has the burden of

establishing that subject matter jurisdiction exists throughout the entire course of litigation.

*Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).  On a 12(b)(1) motion, "no

presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material

facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

claims." *Carpet Group Int'l v. Oriental Rug Imp. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000)

(citing *Mortensen*, 549 F.2d at 891).

---

    [1] The routine security checks include, *inter alia*, a FBI fingerprint check, a check against
a federal "watch list," and a FBI name check. *See* (Def.'s Mot. 5-6.)

## III.    **DISCUSSION**

Plaintiffs contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §

1331[2] in conjunction with (1) the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255; (2)

the Mandamus Act, 28 U.S.C. § 1361; and (3) the Administrative Procedure Act ("APA"), 5

U.S.C. § 555(b).

### *1. Jurisdiction under the Immigration and Nationality Act and the Mandamus Act*

The INA provides: "The status of an alien . . . *may* be adjusted by the Attorney General,

*in his discretion* and under such regulations as *he may prescribe*, to that of an alien lawfully

admitted for permanent residence" if certain requirements are met. 8 U.S.C. § 1255(a)

(emphasis added). This decision is explicitly removed from judicial review:

> Notwithstanding any other provision of law (statutory or non-statutory), including . . .
> sections 1361 and 1651 [the mandamus statutes,] . . . no court shall have jurisdiction to
> review (i) any judgment regarding the granting of relief under section . . . 1255 of this
> title, or (ii) *any other decision or action* of the Attorney General or the Secretary of
> Homeland Security the authority for which is specified under this subchapter to be in the
> discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B) (emphasis added).  Plaintiffs argue that the failure to adjudicate

an adjustment application is not a "decision or action" within the plain meaning of §

1252(a)(2)(B)(ii).  A "decision or action," however, necessarily "encompasses the entire process

of reviewing an adjustment application, including the completion of background and security

checks and the pace at which the process proceeds." *Serrano v. Quarantillo*, No. 06-5221, 2007

WL 1101434, at *3 (D.N.J. Apr. 9, 2007) (citing *Safadi v. Howard*, 466 F. Supp. 2d 696, 699

(E.D. Va. 2006)).

---

[2] 28 U.S.C. § 1331 endows district courts with federal question subject matter jurisdiction
over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiffs further argue that "this subchapter" refers to 8 U.S.C. §§ 1221-1254, but provide no support for such a proposition. It is self-evident, however, that "this subchapter" refers to Subchapter II of Chapter 12 of Title 8 of the U.S. Code, and includes 8 U.S.C. § 1151-1378. Section 1255(a) vests the authority to adjust alien status in the Attorney General "in his discretion and under such regulations as he may prescribe." There is no regulation pertaining to the time-frame for adjudicating adjustment of alien status applications. 8 C.F.R. § 245.1 *et seq.* As § 1252(a)(2)(B)(ii) explicitly precludes judicial review of Plaintiffs' applications, the Court does not have subject matter jurisdiction to hear the matter under 8 U.S.C. § 1255(a). *See Liu v. Gonzales*, No. 07-1797, 2007 WL 2916511, at *4 (D.N.J. Oct. 5, 2007); *Jin v. Chertoff*, No. 07-1145, 2007 WL 1963143, at *2 (D.N.J. June 29, 2007); *Zhang v. Dist. Dir., USCIS*, No. 07-362, 2007 WL 1797655, at *2 (D.N.J. June 20, 2007); *Mehta v. Thompson*, No. 07-0667, 2007 WL 1521482, at *2 (D.N.J. May 23, 2007).

### 2. *Jurisdiction under the Mandamus Act*

28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Among other requirements, mandamus will issue only where the respondent has a clear, non-discretionary duty to do the particular act requested. *In re Diet Drugs*, 418 F.3d 372, 378-79 (3d Cir. 2005). As mentioned above, decisions as to adjustment of alien status shall be made in the Attorney General's "discretion and under such regulations as he may prescribe." 8 U.S.C. 1255(a). As there is no regulation pertaining to the time-frame for adjudicating adjustment of alien status applications, and thereby no non-discretionary duty owed to Plaintiffs, the Court does not have subject matter jurisdiction to hear the matter under 28 U.S.C. § 1361.

4

### 3. Jurisdiction under the Administrative Procedure Act

The APA permits the court to compel agency action where the agency is compelled by law to act within a certain time period. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004). 5 U.S.C. § 701(a) explicitly bars judicial review where "statutes preclude judicial review" or where "agency action is committed to agency discretion by law." As mentioned above, 8 U.S.C. § 1255(a) vests decisions as to adjustment of alien status solely in the Attorney General's "discretion and under such regulations as he may prescribe." As § 1252(a)(2)(B)(ii) explicitly precludes judicial review of such decisions or actions, pursuant to 5 U.S.C. § 701(a), the Court does not have subject matter jurisdiction to hear the matter under 5 U.S.C. § 555(b).

As Plaintiffs cannot establish that their civil action arises under the INA, the Mandamus Act, or the APA, this Court does not have subject matter jurisdiction to hear the matter pursuant to 28 U.S.C. § 1331.

## IV.    CONCLUSION

For all the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs' complaint is dismissed in its entirety without prejudice and the Clerk of the Court shall remove the case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.